# TAB A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOHN RUDOLF,                                          :
                                             :
                     Plaintiff,            :
                                             :
               v.                            :
                                               :
AMERICAN INTERNATIONAL              :
GROUP, INC., NATIONAL UNION         :    Civil Action No. 2:19-cv-01468
FIRE INSURANCE COMPANY OF           :
PITTSBURGH, PA., and                :    Magistrate Judge Maureen P. Kelly
ALEXANDER BAUGH,                    :
                                               :
                     Defendants.           :
                                               :

## DEFENDANTS' RESPONSES AND OBJECTION'S TO PLAINTIFF'S LIMITED (FIRST) REQUEST FOR THE PRODUCTION OF DOCUMENTS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, defendants American International Group, Inc. ("AIG, Inc."), National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union" and together with AIG, Inc., the "Corporate Defendants") (the Corporate Defendants, collectively with their respective subsidiaries and affiliates, "AIG"[1]), and Alexander Baugh ("Baugh" and, together with the Corporate Defendants, "Defendants"), through their undersigned counsel, hereby submit the following responses and objections to Plaintiff John Rudolf's ("Plaintiff" or "Rudolf") Limited (First) Request for Production of Documents, dated February 5, 2021 (the "Requests") as follows.

---

[1] For clarity, notwithstanding Plaintiff's use of the term "AIG" in the Amended Complaint (ECF No. 41) (the "Amended Complaint") as a reference solely to the corporate entity American International Group, Inc., Defendants' use of the term "AIG" in the responses and objections to the Requests refers to the Corporate Defendants collectively with their respective subsidiaries and affiliates.

By way of example, every email reflecting Rudolf's dissatisfaction with his job over the course of Rudolf's 23-year tenure with AIG is arguably responsive to this request. Searching for, obtaining, reviewing, and producing "all" documents that "support" that Rudolf had not been happy for many years, would create an undue burden and cost on Defendants, particularly when weighed against the limited discovery authorized by the January 29, 2021 Order and the fact that Plaintiff's claims are premised primarily on alleged events claimed to have taken place in November 2017.

Subject to and without waiving the foregoing objections, Defendants refer Plaintiff to their responses to Request Nos. 1, 4, 7, and 10.

## DOCUMENT REQUEST NO. 30

Any and all documents that support any claim that John Rudolf's then-current role was not going to survive.

## RESPONSE TO DOCUMENT REQUEST NO. 30

Defendants object to Request No. 30 to the extent it seeks "all" documents that "support" any claim that Rudolf's then-current role was not going to survive because it seeks information beyond the scope of the "limited discovery" contemplated by the parties and the January 29, 2021 Order, is vague, overly broad, unduly burdensome, and seeks information that is irrelevant to the claims and defenses at issue in this matter and not proportional to the needs of the case. By way of example, every email reflecting discussion of or reference to a potential or planned reorganization or restructuring regarding Rudolf's role is arguably responsive to this request. Searching for, obtaining, reviewing, and producing "all" documents that "support" that Rudolf's role would not survive would create an undue burden and cost on Defendants,

- 31 -

particularly when weighed against the limited discovery authorized by the January 29, 2021 Order and the fact that Plaintiff's claims are premised primarily on alleged events claimed to have taken place in November 2017.

Subject to and without waiving the foregoing objections, Defendants refer Plaintiff to their responses to Request Nos. 1, 4, 7, and 10 and will produce the following documents, to the extent such documents exist, subject to applicable privileges: communications sent or received by Baugh, resulting from the ESI Protocol, concerning a potential or planned reorganization or restructuring regarding Rudolf's role during the period September 1, 2017 through December 1, 2017.

**DOCUMENT REQUEST NO. 31**

Any and all documents referring or relating to any reorganization that would have affected John Rudolf's role had he remained employed.

**RESPONSE TO DOCUMENT REQUEST NO. 31**

Defendants object to Request No. 31 to the extent it seeks "all" documents "referring or relating to" any reorganization that would have affected Rudolf's role had he remained employed because it seeks information beyond the scope of the "limited discovery" contemplated by the parties and the January 29, 2021 Order, is vague, overly broad, unduly burdensome, and seeks information that is irrelevant to the claims and defenses at issue in this matter and not proportional to the needs of the case. By way of example, every communication involving Human Resources and senior management of AIG regarding such a reorganization is arguably responsive to this request. Searching for, obtaining, reviewing, and producing "all" documents "referring or relating to" such a reorganization would create an undue burden and

cost on Defendants, particularly when weighed against the limited discovery authorized by the January 29, 2021 Order and the fact that Plaintiff's claims are premised primarily on alleged events claimed to have taken place in November 2017.

Subject to and without waiving the foregoing objections, Defendants refer Plaintiff to their response to Request No. 30.

## DOCUMENT REQUEST NO. 32

Any and all documents created by or reviewed by Alexander Baugh referring or relating to the redistribution of Mr. Rudolf's duties to other areas within AIG.

## RESPONSE TO DOCUMENT REQUEST NO. 32

Defendants object to Request No. 32 to the extent it seeks "all" documents "created by or reviewed by" Baugh "referring or relating to" the redistribution of Rudolf's duties to other areas within AIG because it seeks information beyond the scope of the "limited discovery" contemplated by the parties and the January 29, 2021 Order, is vague, overly broad, unduly burdensome, and seeks information that is irrelevant to the claims and defenses at issue in this matter and not proportional to the needs of the case. By way of example, every communication involving Human Resources and other employees of AIG regarding the assignment of various job responsibilities once held by Rudolf is arguably responsive to this request. Searching for, obtaining, reviewing, and producing "all" documents "created by or reviewed by" Baugh "referring or relating to" such a reassignment would create an undue burden and cost on Defendants, particularly when weighed against the limited discovery authorized by the January 29, 2021 Order and the fact that Plaintiff's claims are premised primarily on alleged events claimed to have taken place in November 2017.

- 33 -

Subject to and without waiving the foregoing objections, Defendants refer Plaintiff to their response to Request No. 30.

## DOCUMENT REQUEST NO. 33

Any and all documents reviewed or created by Alexander Baugh referring or relating to the putative class actions in state court in Alabama that arose out of the 1999 settlement of class and derivative litigation involving Caremark Rx, Inc. (Caremark), referenced in the AIG 10-K for fiscal year ended December 31, 2015 at pages 307-08, referenced herein as the "MedPartners Action."

## RESPONSE TO DOCUMENT REQUEST NO. 33

Defendants object to Request No. 33 to the extent it seeks "all" documents "reviewed or created by" Baugh "referring or relating to" the putative class actions in state court in Alabama that arose out of the 1999 settlement of class and derivative litigation involving Caremark Rx, Inc. because it seeks information beyond the scope of the "limited discovery" contemplated by the parties and the January 29, 2021 Order, is vague, overly broad, unduly burdensome, and seeks information that is irrelevant to the claims and defenses at issue in this matter and not proportional to the needs of the case. By way of example, every document Baugh has read and email communication he sent or received concerning the action *Lauriello v. CareMark, RX, Inc., et al.*, Case No. CV 03-6630, brought in the Circuit Court for Jefferson County, Alabama, Tenth Judicial District (the "*Lauriello v. CareMark* Action"), which commenced in 2003 and settled in 2016, is arguably responsive to this request. Searching for, obtaining, reviewing, and producing "all" such documents would create an undue burden and cost on Defendants, particularly when weighed against the limited discovery authorized by the

- 34 -

January 29, 2021 Order and the fact that Plaintiff's claims are premised primarily on alleged events claimed to have taken place in November 2017.

Subject to and without waiving the foregoing objections, Defendants will produce the following documents, to the extent such documents exist, subject to applicable privileges: communications sent or received by Baugh, resulting from the ESI Protocol, referencing the *Lauriello v. CareMark* Action.

**DOCUMENT REQUEST NO. 34**

Any and all documents reviewed or created by Alexander Baugh referring or relating to the settlement of the AIG-Caremark Class Action in 2016 in which AIG and/or its subsidiary(ies) paid approximately $230 million.

**RESPONSE TO DOCUMENT REQUEST NO. 34**

Defendants object to Request No. 34 to the extent it seeks documents duplicative of the documents sought in response to Request No. 33. Subject to and without waiving the foregoing objections, Defendants refer Plaintiff to their responses and objections to Request No. 33.

**DOCUMENT REQUEST NO. 35**

A copy of the transcript of the deposition Mr. Baugh went through while in Paris as referenced in his November 12, 2017 email to Mr. Zaffino.

**RESPONSE TO DOCUMENT REQUEST NO. 35**

Defendants object to Request No. 35 to the extent it seeks "a copy of the deposition . . . referenced in his November 12, 2017 email to Mr. Zaffino" because it seeks information beyond the scope of the "limited discovery" contemplated by the parties and the

- 35 -

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

JOHN RUDOLF,                                    :
                                                :
                    Plaintiff,                  :
                                                :
            v.                                  :
                                                :
AMERICAN INTERNATIONAL                          :    Civil Action No. 2:19-cv-01468
GROUP, INC., NATIONAL UNION                     :
FIRE INSURANCE COMPANY OF                       :    Magistrate Judge Maureen P. Kelly
PITTSBURGH, PA., and                            :
ALEXANDER BAUGH,                                :
                                                :
                    Defendants.                 :
                                                :

**DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S**
**SECOND REQUEST FOR THE PRODUCTION OF DOCUMENTS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, defendants

American International Group, Inc. ("AIG, Inc."), National Union Fire Insurance Company of

Pittsburgh, Pa. ("National Union" and together with AIG, Inc., the "Corporate Defendants") (the

Corporate Defendants, collectively with their respective subsidiaries and affiliates, "AIG"[1]), and

Alexander Baugh ("Baugh" and, together with the Corporate Defendants, "Defendants"),

through their undersigned counsel, hereby submit the following responses and objections to

Plaintiff John Rudolf's ("Plaintiff" or "Rudolf") Second Request for Production of Documents,

dated September 17, 2021 (the "Requests") as follows.

---

[1] For clarity, notwithstanding Plaintiff's use of the term "AIG" in the Amended Complaint (ECF No. 41) (the "Amended Complaint") as a reference solely to the corporate entity American International Group, Inc., Defendants' use of the term "AIG" in the responses and objections to the Requests refers to the Corporate Defendants collectively with their respective subsidiaries and affiliates.

**RESPONSE TO DOCUMENT REQUEST NO. 8**

Defendants object to Request No. 8 because it is vague as to the terms "performance" and "job duties." Defendants further object to this request because it is overly broad, unduly burdensome, and seeks information that is irrelevant to the claims and defenses at issue in this matter and not proportional to the needs of the case. By way of example, any communication that refers or relates to any aspects of the performance of any of Plaintiff's former job responsibilities would arguably be responsive to this request. Searching for, obtaining, reviewing, and producing information "referring" or "relating" to "the performance of any . . . former job duties" of Plaintiff would create an undue burden and cost on Defendants, particularly when weighed against the fact that Defendants have already agreed to, and have produced, documents that reference the transfer or assignment of Plaintiff's duties and responsibilities to other employees at AIG, the documents reflecting discussion of the redistribution of Plaintiff's job duties and responsibilities to other employees at AIG, as well as documents sufficient to describe the assumption of core job responsibilities performed by Plaintiff at the end of his employment by Grabek and Hayes. Defendants also object to this request to the extent it is duplicative of request (l) contained in Plaintiff's August 12, 2021 letter to Defendants and request no. 40 in Plaintiff's First Requests.

Subject to and without waiving the foregoing objections, Defendants refer Plaintiff to their responses to request (l) and request no. 40 in their September 17, 2021 letter to Plaintiff, AIG000788-822, and their responses to Requests Nos. 6 and 7 herein.

**DOCUMENT REQUEST NO. 9**

Any and all organizational charts, including any drafts, containing John Rudolf's name and/or his prior position(s).

- 11 -

## RESPONSE TO DOCUMENT REQUEST NO. 9

Defendants object to Request No. 9 because it is vague as to the terms "organizational charts" and "prior position(s)." Defendants further object to this request because it is overly broad, unduly burdensome, and seeks information that is irrelevant to the claims and defenses at issue in this matter and not proportional to the needs of the case. By way of example, any document in existence that is an "organization chart" over the course of Plaintiff's twenty-three-year tenure that contains Plaintiff's name *or* the various roles he held over that period (or anyone else held) would arguably be responsive to this request. Searching for, obtaining, reviewing, and producing any "organizational chart" with Plaintiff's name or prior position(s) would create an undue burden and cost on Defendants, particularly when weighed against the fact that Plaintiff's claims are premised primarily on alleged events claimed to have taken place in November 2017. Defendants also object to this request to the extent it is duplicative of request (a) contained in Plaintiff's August 12, 2021 letter to Defendants and request no. 1 in Plaintiff's First Requests.

Subject to and without waiving the foregoing objections, Defendants refer Plaintiff to their response to request (a) in their September 17, 2021 letter to Plaintiff and their response to request no. 1 in Plaintiff's First Requests, including, without limitation, AIG000004-00006 reflecting Plaintiff's personnel information and job title changes while employed.

## DOCUMENT REQUEST NO. 10

Any and all organizational charts following the reorganization that purportedly would have resulted in the diminishment of John Rudolf's duties and responsibilities.

**RESPONSE TO DOCUMENT REQUEST NO. 10**

Defendants object to Request No. 10 because it is vague as to term "organizational charts." Defendants further object to this request because it is overly broad, unduly burdensome, and seeks information that is irrelevant to the claims and defenses at issue in this matter and not proportional to the needs of the case. By way of example, any document in existence that is an "organizational chart" from late 2017 until the present would arguably be responsive to this request. Searching for, obtaining, reviewing, and producing any such documents would create an undue burden and cost on Defendants, particularly when weighed against the fact that Plaintiff's claims are premised primarily on alleged events claimed to have taken place in November 2017. Defendants also object to this request to the extent it is duplicative of request (l) contained in Plaintiff's August 12, 2021 letter to Defendants and requests nos. 30, 31, 32, and 40 in Plaintiff's First Requests.

Subject to and without waiving the foregoing objections, Defendants refer Plaintiff to their responses to requests (l) and no. 40 in their September 17, 2021 letter to Plaintiff.

**DOCUMENT REQUEST NO. 11**

Any and all insurance agreements, contracts, and/or policies between Defendant National Union Fire Insurance Company of Pittsburgh, PA and the Commonwealth of Pennsylvania including any Agency and/or Department thereof from 2010 to the present.

**RESPONSE TO DOCUMENT REQUEST NO. 11**

Defendants object to Request No. 11 because it is vague as to the terms "insurance agreements," "contracts," "Agency," and "Department." Defendants further object to this request because it is overly broad, unduly burdensome, and seeks information that is

For the avoidance of doubt, Defendants will not produce documents in response to this request.

## DOCUMENT REQUEST NO. 38

All AIG Year End Compensation Summaries or similar documents from 2011 to the present for Chris Kopser.

## RESPONSE TO DOCUMENT REQUEST NO. 38

Defendants object to Request No. 38 because it is vague as to the term "similar documents." Defendants further object to this request because it is overly broad, unduly burdensome, and seeks information that is confidential and irrelevant to the claims and defenses at issue in this matter and not proportional to the needs of the case.  Searching for, obtaining, reviewing, and producing all Year End Compensation summaries (or "similar documents") for Chris Kopser ("Kopser") from 2011 until the present, the substance of which is confidential, would create an undue burden and cost on Defendants, particularly when weighed against the fact that Kopser is not a proper comparator to Plaintiff and the requested information is irrelevant to Plaintiff's claims.

For the avoidance of doubt, Defendants will not produce documents in response to this request.

## DOCUMENT REQUEST NO. 39

All documents referring or relating to the stipulation and agreement of settlement of the litigation entitled *Lauriello v. CareMark, RX, Inc., et al.*, Case No. CV 03-6630, brought in the Circuit Court for Jefferson County, Alabama, Tenth Judicial District.

**RESPONSE TO DOCUMENT REQUEST NO. 39**

Defendants object to Request No. 39 because it is overly broad, unduly burdensome, and seeks information that is confidential and irrelevant to the claims and defenses at issue in this matter and not proportional to the needs of the case. By way of example, any document that refers or relates in any way to the stipulation and agreement of settlement of the *Lauriello v. CareMark, RX, Inc. et al.*, Case No. CV 03-6630 litigation which spanned *more than a decade*, would arguably be responsive to this request. Searching for, obtaining, reviewing, and producing such documents, the substance of which is confidential, would create an undue burden and cost on Defendants, particularly when weighed against the fact that such requested information is not relevant to the purported concerns of alleged wrongdoing that Plaintiff alleges he raised and Plaintiff's claims are premised primarily on alleged events claimed to have taken place in November 2017. Defendants further object to this request to the extent it calls for the production of documents protected from disclosure by the attorney-client privilege or work-product doctrine.

For the avoidance of doubt, Defendants will not produce documents in response to this request.

**DOCUMENT REQUEST NO. 40**

All documents referring or relating to the pay out by AIG or any of its subsidiaries of the settlement of the litigation entitled *Lauriello v. CareMark, RX, Inc., et al.*, Case No. CV 03-6630, brought in the Circuit Court for Jefferson County, Alabama, Tenth Judicial District including, but not limited to, any internal or external signatures authorizing payment of the settlement proceeds.

**RESPONSE TO DOCUMENT REQUEST NO. 40**

Defendants object to Request No. 40 because it is vague as to the terms "pay out," "internal or external signatures," and "authorizing." Defendants further object to this request because it is overly broad, unduly burdensome, and seeks information that is confidential and irrelevant to the claims and defenses at issue in this matter and not proportional to the needs of the case. By way of example, any document that refers or relates in any way to the "pay out" of the "settlement" of the *Lauriello v. CareMark, RX, Inc. et al.*, Case No. CV 03-6630 litigation, which spanned *more than a decade*, would arguably be responsive to this request. Searching for, obtaining, reviewing, and producing such documents, the substance of which is confidential, would create an undue burden and cost on Defendants, particularly when weighed against the fact that such requested information is not relevant to the purported concerns of alleged wrongdoing that Plaintiff alleges he raised and Plaintiff's claims are premised primarily on alleged events claimed to have taken place in November 2017. Defendants also object to this request to the extent it calls for the production of documents protected from disclosure by the attorney-client privilege or work-product doctrine.

For the avoidance of doubt, Defendants will not produce documents in response to this request.

**DOCUMENT REQUEST NO. 41**

Copies of any and all insurance policies without limit of liability (or unlimited policies) issued by any Defendant or any subsidiary of any Defendant to any insured including, but not limited to, MedPartners, Inc., Brightpoint, Inc., Oxford Health, PNC, HSB, Health South, Samsonite, and/or American General.

## DOCUMENT REQUEST NO. 47

Documents referring or relating to any gender or age discrimination complaints or legal actions filed by any employee with any state or federal agency or in any state or federal court during the past ten (10) years.

## RESPONSE TO DOCUMENT REQUEST NO. 47

Defendants object to Request No. 47 because it is overly broad, unduly burdensome, and seeks information that is confidential and irrelevant to the claims and defenses at issue in this matter and not proportional to the needs of the case. By way of example, any communication that refers or relates to any complaint of gender or age discrimination, not necessarily even to AIG, in the last ten years would arguably be responsive to this request. Searching for, obtaining, reviewing, and producing information "referring" or "relating" to "any gender or age discrimination complaints or legal actions" filed by any employee, the substance of which is confidential, would create an undue burden and cost on Defendants, particularly when weighed against the fact that the relevant allegations in Plaintiff's Amended Complaint are as to purported complaints *Plaintiff* made himself. Defendants further object to this request to the extent it calls for the production of documents protected from disclosure by the attorney-client privilege or work-product doctrine.

For the avoidance of doubt, Defendants will not produce documents in response to this request.

## DOCUMENT REQUEST NO. 48

Any and all reports from James Cole, Esq., Andrew Zahnle, Esq., and/or Mr. Cole's team arising out of the appointment of Mr. Cole as the Independent Consultant based on

- 42 -

the Consent of AIG, Inc. in Securities and Exchange Commission v. American International Group, Inc.

## RESPONSE TO DOCUMENT REQUEST NO. 48

Defendants object to Request No. 48 because it is vague as to the terms "reports," and "team." Defendants further object to this request because it is overly broad, unduly burdensome, and seeks information that is confidential and irrelevant to the claims and defenses at issue in this matter and not proportional to the needs of the case. By way of example, any of the "reports" from James Cole and his "team" from over fifteen years ago, the substance of which are confidential, would arguably be responsive to this request. Searching for, obtaining, reviewing, and producing information such documents would create an undue burden and cost on Defendants, particularly when weighed against the fact that Plaintiff's claims are premised primarily on alleged events claimed to have taken place in November 2017.

For the avoidance of doubt, Defendants will not produce documents in response to this request.

## DOCUMENT REQUEST NO. 49

Documents referring or relating to the claim(s) of any employee or former employee that she or he was terminated and did not resign as alleged by her or his manager or employer during the past then (10) years.

## RESPONSE TO DOCUMENT REQUEST NO. 49

Defendants object to Request No. 49 because it is vague as to the term "claims." Defendants further object to this request because it is overly broad, unduly burdensome, and seeks information that is confidential and irrelevant to the claims and defenses at issue in this matter and not proportional to the needs of the case. It would be impossible to identify any

purported instance in which an employee was terminated by the employer and did not resign, but whose manager or employer alleges the employee resigned. Searching for, obtaining, reviewing, and producing information "referring" or "relating" to any such unidentified incidents, the substance of which are confidential, would create an undue burden and cost on Defendants, particularly when weighed against the fact that the relevant allegations in Plaintiff's Amended Complaint are as to *Plaintiff's* separation of employment. Defendants also object to this request to the extent it calls for the production of documents protected from disclosure by the attorney-client privilege or work-product doctrine.

For the avoidance of doubt, Defendants will not produce documents in response to this request.

## DOCUMENT REQUEST NO. 50

The email from Paul Lavelle to other senior executives in the early 2000's stating "we are all going to hell," or words to that effect.

## RESPONSE TO DOCUMENT REQUEST NO. 50

Defendants object to Request No. 50 because it is vague as to "[t]he email" being referenced and as to the phrases "senior executives" and "'we are all going to hell' or words to that effect." Defendants further object to this request because it is overly broad, unduly burdensome, and seeks information that is irrelevant to the claims and defenses at issue in this matter and not proportional to the needs of the case. Searching for, obtaining, reviewing, and producing an unspecified document from an unspecified time twenty years ago would create an undue burden and cost on Defendants, particularly when weighed against the fact that Plaintiff's claims are premised primarily on alleged events claimed to have taken place in November 2017.

- 44 -

seeks information that is irrelevant to the claims and defenses at issue in this matter and not proportional to the needs of the case. By way of example, any document that refers or relates to an unspecified decision not to increase Plaintiff's base salary, no matter how tenuous, would arguably be responsive to this request. Searching for, obtaining, reviewing, and producing information "referring" or "relating" to an unspecified decision would create an undue burden and cost on Defendants, particularly when weighed against the fact that Plaintiff's claims are premised primarily on alleged events claimed to have taken place in November 2017. Defendants also object to this request to the extent it is duplicative of request no. 27 in Plaintiff's First Requests.

Subject to and without waiving the foregoing objections, Defendants refer Plaintiff to their responses to requests (b), (c), and (i) in their September 17, 2021 letter to Plaintiff and their response to Request No. 51 herein.

**DOCUMENT REQUEST NO. 56**

Any and all documents referring or relating to the communications between Larry Melo, the President and CEO of CVS Health, and Steve Miller about the litigation entitled *Lauriello v. CareMark, RX, Inc., et al.*, Case No. CV 03-6630.

**RESPONSE TO DOCUMENT REQUEST NO. 56**

Defendants object to Request No. 56 because it is vague as to "the communication" referenced. Defendants further object to this request because it is overly broad, unduly burdensome, and seeks information that is confidential and irrelevant to the claims and defenses at issue in this matter and not proportional to the needs of the case. By way of example, any document that refers or relates in any way to communication between Larry Melo, who was not employed by AIG, and Steve Miller, the former Chairman of AIG's Board of Directors,

- 49 -

about the *Lauriello v. CareMark, RX, Inc. et al.*, Case No. CV 03-6630 litigation, which spanned *more than* a *decade*, would arguably be responsive to this request. Searching for, obtaining, reviewing, and producing such documents, the substance of which is confidential, would create an undue burden and cost on Defendants, particularly when weighed against the fact that such requested information is not relevant to the purported concerns of alleged wrongdoing that Plaintiff alleges he raised and Plaintiff's claims are premised primarily on alleged events claimed to have taken place in November 2017. Defendants also object to this request to the extent it calls for the production of documents protected from disclosure by the attorney-client privilege or work-product doctrine.

For the avoidance of doubt, Defendants will not produce documents in response to this request.

**DOCUMENT REQUEST NO. 57**

Any and all salary and/or job grade review for John Rudolf including, but not limited to, the one directed by Robert Schimek (CEO of Commercial Insurance) to Human Resources.

**RESPONSE TO DOCUMENT REQUEST NO. 57**

Defendants object to Request No. 57 because it is vague as to "review" being referenced and assumes that there was a salary and/or job grade review for Plaintiff directed by Schimek to Human Resources. Defendants further object to this request because it is overly broad, unduly burdensome, and seeks information that is irrelevant to the claims and defenses at issue in this matter and not proportional to the needs of the case. By way of example, any document that refers or relates to any unspecified review of Plaintiff's salary and/or job grade, no matter how tenuous, over the course of Plaintiff's twenty-three-year tenure, would arguably be