# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN RUDOLF, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 19-1468 |
| ) | Magistrate Judge Maureen P. Kelly |
| v. ) | |
| ) | |
| AMERICAN INTERNATIONAL GROUP, ) | Re: ECF No. 144 |
| INC., NATIONAL UNION FIRE ) | |
| INSURANCE COMPANY OF ) | |
| PITTSBURGH, PA, and ALEXANDER ) | |
| BAUGH, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM ORDER

Plaintiff John Rudolf ("Rudolf" or "Plaintiff") initiated this action against Defendants American International Group, Inc. ("AIG"), National Union Fire Insurance Company of Pittsburgh, PA ("NUFIC") and Alexander Baugh ("Baugh") (collectively, "Defendants") arising out of allegations that he was unlawfully terminated from his employment in violation of the Sarbanes-Oxley Act, the False Claims Act, the Age Discrimination in Employment Act ("ADEA"), Title VII of the Civil Rights Act, and the Pennsylvania Human Relations Act ("PHRA"). Rudolf also brings claims for Equal Pay Act violations, intentional interference with contractual relations, fraud, wrongful discharge, and breach of contract. ECF No. 41.

Presently before the Court is Rudolf's Motion to Compel Document Production and Supplemental Information (the "Motion to Compel"). ECF No. 144. For the reasons that follow, the Motion to Compel will be granted in part and denied in part.

**I.     BACKGROUND**

Rudolf is a senior insurance executive who was formerly employed by AIG and/or NUFIC. ECF No. 41 ¶ 5; ECF No. 31-1 ¶¶ 2-3. Rudolf claims that he was unlawfully terminated from his position in November 2017 for reporting fraud. ECF No. 76 at 2. He alleges that he disclosed fraudulent activities involving AIG in a phone call with Baugh, who was Rudolf's supervisor and AIG's Chief Executive Officer of North America General Insurance, on November 12, 2017. Id.; ECF No. 41 ¶ 6. According to Rudolf, Baugh then falsely reported to Peter Zaffino ("Zaffino"), the CEO of AIG General Insurance, that Rudolf had resigned during this call. ECF No. 76 at 2.

Since the initial case management conference in this case, conducted on March 30, 2021, the parties have conducted extensive fact discovery. ECF No. 54. The Court has dealt with a number of discovery disputes. ECF Nos. 63, 70, 74, 79, 83, 88, 93, 94, 95 and 172.

On June 3, 2022, Plaintiff filed the instant Motion to Compel and Brief in Support. ECF Nos. 144 and 145. He moves to compel production of three specifically identified categories of discovery. Defendants filed a Memorandum of Law in Opposition on June 14, 2022. ECF No. 168. The Motion to Compel is now ripe for consideration.

**II.    LEGAL STANDARD**

Federal Rule of Civil Procedure 26(b)(1) defines the permissible scope of discovery as follows:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or
>
> expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

Rulings regarding the proper scope of discovery, and the extent to which discovery may be compelled, are matters consigned to the Court's discretion and judgment. Decisions related to the scope of discovery permitted under Rule 26 also rest in the sound discretion of the Court. Wisniewski v. Johns–Manville Corp., 812 F.2d 81, 90 (3d Cir. 1987). A party moving to compel discovery bears the initial burden of proving the relevance of the requested information. Morrison v. Phila. Hous. Auth., 203 F.R.D. 195, 196 (E.D. Pa. 2001). Once that initial burden is met, "the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the broad scope of relevance as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." In re Urethane Antitrust Litig., 261 F.R.D. 570, 573 (D. Kan. 2009).

### III.  DISCUSSION

Having considered the Motion to Compel and Brief in Support, as well as Defendants' Response in Opposition, the Court will address each of the three categories of documents seriatim.

**A. Marya Propis ("Propis") Materials**

Plaintiff requests three categories of documents relative to Propis, an alleged comparator for purposes of Plaintiff's gender and age discrimination claims. ECF No. 144 ¶ 2.

1. Propis's personnel file (excluding medical records)

As for Propis's personnel file, Defendants must produce these records. Given the broad nature of discovery, and the fact that Plaintiff's request is relatively narrow in that it only asks for non-medical personnel files for a specific alleged comparator, the Court finds that the Motion to

Compel is appropriately granted.[1] Any privacy concerns are addressed by the protective order that is in place.

> 2. Propis's "accountabilities" page likely contained in Ex. 184 (redacted as "not responsive") setting forth her "Manager," "Roles," "Primary Accountabilities," and "Other Accountabilities."

As for Propis's "accountabilities" page contained in Ex. 184, the Court previously ordered Defendants to produce unredacted versions of Ex. 184 in resolving Plaintiff's Motion to Compel filed at ECF No. 102. ECF No. 172 at 4-5. Therefore, this request appears to be moot.

> 3. Information about who assumed Propis's duties after her separation.

Finally, Plaintiff requests information related to who assumed Propis's duties after her (and Plaintiff's) separation from the company in December 2017. The request seeks relevant information that must be provided. Therefore, the Motion to Compel is granted as to this request.

### B. Comparator Information

> 1. All documents referring or relating to other L4 leaders and ELG members like Plaintiff in General/Commercial Insurance setting forth the individual's name, title, date of birth, gender, and compensation including but not limited to base salary, short term incentive, long term incentive, and continuity award from 2014 through 2017.

Plaintiff seeks documents related to individuals on the "L4" level, meaning they were positioned three levels below the CEO. ECF No. 145 at 4-5. Plaintiff contends that he was an L4 employee, so these individuals are "peers and proper comparators." Id. Although Plaintiff has agreed to further limit this request to L4 employees in the General/Commercial Insurance setting and the extended leadership group ("ELG"), Defendants maintain that this request—which encompasses 50 individuals in July 2017 alone—is simply too broad. ECF No. 168 at 4-6. According to Defendants, the L4 level includes employees performing various kinds of tasks,

---

[1] The Court notes that Defendants agreed to produce any documents contained in Propis's file that "relate to her performance and duties." ECF No. 168 at 3.

including administrative work, and the ELG was a leadership forum that does correspond with any particular job description. Id.

Upon review, the Court agrees that this request is overbroad. To be similarly situated, a comparator must be similar to plaintiff in "all relevant respects." Wilcher v. Postmaster Gen., 441 F. App'x 879, 881-82 (3d Cir. 2011). Factors relevant to the analysis include whether the employees dealt with the same supervisor, were subject to the same standards, shared similar job responsibilities and the nature of the misconduct at issue. Abdul-Latif v. Cnty. of Lancaster, 990 F. Supp. 2d 517, 526 (E.D. Pa. 2014) (citing id.). While the Court recognizes the broad scope of discovery, Plaintiff does not establish that individuals at the "L4" level—even limiting this category to those within the ELG and General/Commercial Insurance groups—are likely to be similar to Plaintiff in relevant respects. At the same time, the Court notes this request implicates a significant number of individuals. For these reasons, the Motion to Compel is denied relative to this request.

**C. Whistleblower Documents.**

1. All documents relating to the whistleblower complaint made by Karen Atesoglu.
2. All documents relating to the whistleblower complaint made by Aaron Katzel.

Defendants are directed to produce these documents. As Plaintiff points out, the Court previously ordered Defendants to provide information regarding other whistleblower retaliation complaints or legal actions filed by any employee or former employee during the past ten (10) years. ECF No. 94 (requiring complete answer to Interrogatory No. 12). This request is therefore consistent with discovery that the Court has previously required Defendants to produce, and evidence showing a pattern or practice of retaliation against similarly situated individuals may be relevant to Plaintiff's claims. Accordingly, the Motion to Compel is granted relative to this request.

### IV. CONCLUSION

For the foregoing reasons, the Motion to Compel is granted in part and denied in part.

### ORDER

AND NOW, this 14th day of July, 2022, it is HEREBY ORDERED that Plaintiff's Motion to Compel Document Production and Supplemental Production, ECF No. 144, is GRANTED in PART and DENIED in part, as more fully set forth herein. Defendants are directed to produce: (1) Propis's personnel file, excluding any medical records; (2) information about who assumed Propis's duties after her separation; and (3) all documents relating to the whistleblower complaints made by Karen Atesoglu and Aaron Katzel by **July 21, 2022**. The Motion to Compel is denied in all other respects.

BY THE COURT,

*/s/ Maureen P. Kelly*
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc: All counsel of record via CM/ECF.