# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN RUDOLF, | : |
|       Plaintiff, | : |
| v. | : *Electronically Filed* |
| AMERICAN INTERNATIONAL GROUP, INC., NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., and ALEXANDER BAUGH, | : Civil Action No. 2:19-cv-01468 <br> : Magistrate Judge Maureen P. Kelly |
|       Defendants. | : |

## DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE UNDER SEAL

Defendants American International Group, Inc. ("AIG, Inc."), National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union") and Alexander Baugh ("Baugh," and together with National Union and AIG, Inc., "Defendants") write to this Court in response to Plaintiff's "Uncontested" Motion for Leave to File Under Seal (ECF 192) (the "Motion").

1. Plaintiff's Motion is styled as "uncontested" and asserts that "Defendants do not contest the filing of this Motion." (Mot. ¶ 14.) Defendants, however, were never (not, in any way), consulted before Plaintiff filed his Motion. Plaintiff's Motion seeks to file under seal (a) 14 deposition transcripts in their entirety (and excerpts from a fifteenth) and that he not be required to file any versions of those transcripts publicly; (b) portions of a declaration by Plaintiff; (c) 78 documents in their entirety, some of which are not even marked Confidential and/or have already been publicly filed; and (d) the entirety of Plaintiff's Statement of Facts, Statement of Additional Facts, and Brief in Opposition to Defendants' Motion for Summary

Judgment. To the extent Plaintiff's Motion suggests that Defendants agree with this approach, they do not.

2. Counsel for the parties conferred by telephone today to attempt to resolve this issue but were unable to.

3. On March 17, 2021, the Court entered the parties' Confidentiality Stipulation and Protective Order (ECF 49) (the "Protective Order").

4. The Protective Order states that "If a party determines to file with the Court . . . any Confidential Information produced by another party, or . . . papers making any reference to the specific content of Confidential Information produced by another party, the party seeking to file the Confidential Information shall provide no less than *five (5) calendar days* written notice of its intent to file such material with counsel for the producing party, *who shall consider such request in good faith and have the option to remove the designation for purposes of the filing or otherwise consent in writing that the Confidential Information may be filed without seeking that it be sealed*." (ECF 49 ¶ 11 (emphasis added).)

5. Plaintiff did not notify Defendants in writing about any deposition transcript, exhibit, or litigation document that it intends to file in relation to his Opposition to Defendants' Motion for Summary Judgment ("Opposition") due tomorrow and has therefore violated the Protective Order.

6. Defendants filed their Motion for Summary Judgment on August 9, 2022. Plaintiff's Opposition was originally due on September 15, 2022. On September 6, Plaintiff asked Defendants to consent to an additional two weeks' time and Defendants agreed to three weeks, which the Court granted (ECF 188.) Plaintiff has therefore had two months to notify Defendants of their Confidential Information he intends to file with his Opposition, but instead

inexplicably chose to move this Court for permission to file essentially all of his litigation papers and supporting documents under seal on the eve of his new deadline.

7. The purpose of the above mechanism in the Protective Order is to allow the producing party an opportunity to avoid the filing party having to file a motion to seal. Had Plaintiff provided Defendants with the required five days' notice of what specific deposition transcript pages and the documents he intended to file with his Opposition, Defendants would have taken the approach they have in the past, which is to carefully parse those materials and request Plaintiff move to file under seal only select portions. (*See e.g.,* ECF 114, ECF 176.) Moreover, Defendants would not have demanded any documents previously filed on the public docket and/or that are not marked Confidential be filed under seal, which is what Plaintiff seeks in his Motion. (*See e.g.*, Plaintiff's Exs. 70, 82, 84, and 85.) Nor would Defendants agree that Plaintiff's litigation papers be filed under seal in their entirety, especially considering that would be inconsistent with the Court's prior ruling as to other motion papers. (*See e.g.*, ECF 116.)

8. Some portions of the deposition transcripts and documents, as well as those portions of Plaintiff's litigation papers that refer to the specific contents of such transcripts and documents that Plaintiff will be filing tomorrow do, however, contain some Confidential Information that Defendants would seek to file under seal.

9. Consistent with the terms of the Protective Order, Defendants should be afforded the opportunity to take five days to examine the portions of the deposition transcripts and documents that Plaintiff files and determine what they consent to be filed publicly and what should be filed under seal. This process is arduous considering Plaintiff intends to file 15 deposition transcripts consisting of thousands of pages and 75 documents. To the extent Plaintiff intends to file only excerpts of the deposition transcripts, Plaintiff has not yet identified those

transcript pages in his Motion, nor has he identified the documents he intends to file by Bates or by providing the documents themselves so that Defendants may begin to examine them at this time.[1]

10. Defendants respectfully submit that: (a) Plaintiff should file his Opposition papers and attendant documents under seal by tomorrow's deadline and provide the Court and Defendants with courtesy copies; (b) Plaintiff should provide Defendants with a list by tomorrow of deposition transcript pages cited in his Opposition as well as a list of documents filed that Defendants marked Confidential and did not already file publicly in connection with their Motion for Summary Judgment; (c) Defendants should have until October 12, 2022 (five calendar days pursuant to the Protective Order) to provide their position on what of its Confidential Information contained in those deposition transcripts and documents should remain under seal and what should be filed publicly on the docket; (d) on October 12, 2022, Plaintiff should refile his Motion For Leave to File Under to Seal to reflect Defendants' position; and (e) Plaintiff should then file his papers and attendant documents on the public docket in accordance with the Court's eventual ruling.

11. Due to Plaintiff's violation of the Protective Order by not affording Defendants the opportunity to conduct this analysis before tomorrow's filing deadline, Defendants submit that their Reply to Plaintiff's Opposition be due on November 18, 2022 and that Plaintiff's Sur-reply be due, on its original date of November 29, 2022 consistent with the Court's order that no further extensions will be granted (ECF 188).

Dated: October 6, 2022                            Respectfully submitted,

---

[1] Plaintiff refers to the documents he intends to file by his own exhibit numbers, which is a filing system only he, and not Defendants, maintain.

*/s/ Kevin B. Leblang*
Kevin B. Leblang (NY 1999507)
kleblang@kramerlevin.com
Izabel P. McDonald (NY 2515724)
imcdonald@kramerlevin.com
(Each admitted pro hac vice)

Jaime S. Tuite (PA 87566)
jaime.tuite@bipc.com
Katelyn O'Connor (PA 308922)
Katelyn.oconnor@bipc.com

BUCHANAN INGERSOLL & ROONEY PC
Union Trust Building
501 Grant Street, Suite 200
Pittsburgh, PA 15219-1410
Phone: 412-562-8800
Fax: 412-562-1041

*Attorneys for Defendants*