IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOHN RUDOLF,                                    :
                                                :
                Plaintiff,                      :
                                                :    *Electronically Filed*
        v.                                      :
                                                :
AMERICAN INTERNATIONAL                          :    Civil Action No. 2:19-cv-01468
GROUP, INC., NATIONAL UNION                     :
FIRE INSURANCE COMPANY OF                       :    Magistrate Judge Maureen P. Kelly
PITTSBURGH, PA., and                            :
ALEXANDER BAUGH,                                :
                                                :
                Defendants.                     :
                                                :

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION
FOR CERTIFICATION OF INTERLOCUTORY APPEAL AND STAY PENDING APPEAL**

**TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ........................................................................................................ ii

ARGUMENT .............................................................................................................................. 1

    I.      The Court Should Certify Whether a Showing of Retaliatory Intent Is
           Required ...................................................................................................................... 1

    II.     This Court Should Certify Whether a Plaintiff's Certification of Having
           No Knowledge of Illegal Activity Precludes a *Prima Facie* Case of
           Protected Activity ..................................................................................................... 3

    III.    A Stay of the District Court Proceedings Is Warranted .......................................... 5

i

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Beazer East, Inc. v. The Mead Corp.*,
2006 WL 2927627 (W.D. Pa. Oct. 12, 2006) ..............................................................5

*Consumer Fin. Prot. Bureau v. Navient Corp.*,
522 F.Supp.3d 107 (M.D. Pa. 2021) ....................................................................3, 5

*Gale v. U.S. Dep't of Labor*,
384 F. App'x 926 (11th Cir. 2010) (per curiam) .......................................................4

*Hall v. Wyeth, Inc.*,
2010 WL 4925258 (E.D. Pa. Dec. 2, 2010) ................................................. 2 & n.1, 5

*Kantin v. Metro. Life Ins. Co.*,
696 F. App'x 527 (2d Cir. 2017) ...............................................................................4

*Karlo v. Pittsburgh Glass Works, LLC*,
2014 WL 12539666 (W.D. Pa. July 3, 2014) .............................................................3

*Katzel v. Am. Int'l Grp.*,
2022 WL 17251362 (S.D.N.Y. Nov. 28, 2022) ..........................................................4

*Lawson v. FMR LLC*,
571 U.S. 429 (2014) ...................................................................................................4

*Murray v. UBS Sec., LLC*,
43 F. 4th 254 (2d Cir. 2022), Petition for Writ of Certiorari, No. 22-660 (U.S.
Jan. 13, 2023), Brief of Respondents, No. 22-660 (U.S. Mar. 20, 2023) .........................1, 2, 3

*Rhoades v. Young Women's Christian Ass'n of Greater Pittsburgh*,
2011 WL 240149 (W.D. Pa. Jan. 24, 2011) ...........................................................2 n.1

*United States ex rel. Brown v. Pfizer, Inc.*,
2017 WL 2691927 (E.D. Pa. June 22, 2017) ............................................................5

*Verfeurth v. Orion Energy Sys., Inc.*,
2016 WL 4507317 (E.D. Wis. Aug. 25, 2016) ..........................................................4

*Wiest v. Tyco Elec. Corp.*,
812 F. 3d 319 (3d Cir. 2016) ................................................................................1, 4

**Statutes**

18 U.S.C. § 1514A ............................................................................................................1

28 U.S.C. § 1292(b) ..........................................................................................................1

Defendants respectfully seek certification of two issues of law for appeal to the Third Circuit that could dispose of Plaintiff's claim under 18 U.S.C. § 1514A ("SOX"). The questions – the first of which is presently before the U.S. Supreme Court on a petition for certiorari – are:

1.  Under 18 U.S.C. § 1514A(a), which provides that no employer "may . . . *discriminate* against an employee . . . *because of*" whistleblowing, must a plaintiff show retaliatory intent on the part of his employer, as opposed to showing merely that the plaintiff's purported protected activity alone or in combination with other factors tended to affect the employer's decision-making? ("Issue No. 1") (emphasis added).

2.  Under 18 U.S.C. § 1514A(a), can a plaintiff meet his *prima facie* burden of showing protected activity when he certified that he knew of no violation of law or regulation by the employer *after* he had become aware of the alleged illegal activities? ("Issue No. 2").

Certification should be granted if: (1) an interlocutory decision presents a controlling question of law, (2) a substantial basis exists for a difference of opinion on the question, and (3) intermediate appeal will materially advance the termination of the litigation. 28 U.S.C § 1292(b).

## ARGUMENT

### I.      This Court Should Certify Whether a Showing of Retaliatory Intent Is Required

The first question concerns the fourth prong of Rudolf's *prima facie* SOX burden, which requires him to show that "the protected activity was a contributing factor in the adverse action alleged in the complaint." *Wiest v. Tyco Elec. Corp.*, 812 F. 3d 319, 329, 331 n.6 (3d Cir. 2016). In *Wiest*, the Third Circuit looked to "other courts of appeals [that] ha[d] defined a contributing factor as 'any factor, which alone or in combination with other factors, tends to affect in any way the outcome of the decision.'" *Id.* at 330. The *Wiest* court was not presented with the instant question of whether the "contributing factor" standard requires a showing of retaliatory intent. *Id.*

Indeed, *Wiest* predated the Second Circuit's recent decision in *Murray v. UBS Sec., LLC*, 43 F. 4th 254 (2d Cir. 2022) that addressed this precise question. The district court in that dispute instructed the jury that the "contributing factor" standard means that the protected activity "must

have either alone or in combination with other factors tended to affect in any way" the employer's

decision-making. *Id.* at 257-58. The Second Circuit held that this instruction was erroneous and

thus vacated the jury's verdict in favor of the plaintiff, holding that SOX requires proof of

retaliatory intent. In its decision, the Second Circuit relied upon the plain language of Section

1514(A)(a), which provides that no employer "may . . . *discriminate* against an employee . . .

*because of*" whistleblowing. *Id*. at 258-59.

As *Murray* evidences, the instant question involves a controlling issue of law. A

"controlling question of law is one in which either: (1) if decided erroneously, would lead to

reversal on appeal; <u>or</u> (2) is serious to the conduct of the litigation either practically or legally."

*Hall v. Wyeth, Inc.*, 2010 WL 4925258, at *1 (E.D. Pa. Dec. 2, 2010) (emphasis added). At

summary judgment, Defendants argued that, under the plain language of Section 1514A(a), "the

'contributing factor' standard requires Rudolf show *retaliatory intent* and not just that his

purported protected activity alone or in combination with other factors, tended to affect Baugh's

decisionmaking," but Defendants also argued that Rudolf could not meet the lesser "contributing

factor" standard. (ECF 181 at 22 n.11.) This Court applied the lesser standard and held that Rudolf

raised a triable issue. (ECF 229 at 28-29.) But this Court did not find that Rudolf met his burden

to show a triable issue of retaliatory intent, which he cannot. If the Third Circuit were to find that

retaliatory intent is required, it would reverse, like in *Murray*.[1]

There exists a substantial basis for a difference of opinion on Issue No. 1 because it presents

---

[1] As further support, the question presented "is serious" enough "to the conduct of the litigation either practically or legally." *Hall*, 2010 WL 4925258, at *1; *see also Rhoades v. Young Women's Christian Ass'n of Greater Pittsburgh*, 2011 WL 240149, at *1 (W.D. Pa. Jan. 24, 2011) (it is a "highly relevant factor" to whether a controlling issue of law exists if "[o]n a practical level, [certification of the question would] sav[e] time of the district court and of expense to the litigants . . ."). Certifying the issue of whether retaliatory intent is required under SOX would result in significant time and expense savings by avoiding a lengthy and costly trial prepared for, conducted, and presented to a jury under the wrong standard.

issues that "arise out of doubt as to the correct legal standard" under the fourth prong of Rudolf's *prima facie* SOX burden. *Karlo v. Pittsburgh Glass Works, LLC*, 2014 WL 12539666, at *1 (W.D. Pa. July 3, 2014). The Court need look no further than the *Murray* plaintiff's petition for a *writ of certiorari* to the U.S. Supreme Court and defendant's/respondent's brief in opposition filed on March 20, 2023. *See Murray v. UBS Sec., LLC*, 43 F. 4th 254 (2d Cir. 2022), Petition for Writ of Certiorari, No. 22-660 (U.S. Jan. 13, 2023)*,* Brief of Respondents, No. 22-660 (U.S. Mar. 20, 2023). There, the defendant acknowledges that at least the Fifth Circuit has taken a potentially inconsistent position from the Second Circuit. The fact that this would be an issue of first impression in the Third Circuit further demonstrates a substantial ground for difference of opinion. *See Consumer Fin. Prot. Bureau v. Navient Corp.*, 522 F.Supp.3d 107, 113 (M.D. Pa. 2021).

Finally, intermediate appeal of Issue No. 1 will materially advance the termination of this litigation. This prong is met where the interlocutory appeal eliminates: (1) the need for trial; (2) complex issues that would complicate the trial; or (3) issues that would make discovery more costly or burdensome." *Id.* at 114 (citation omitted). Here, the Third Circuit's reversal should result in the dismissal of Rudolf's SOX claim – his principal claim – for failure to show retaliatory intent. As a result a lengthy trial with Rudolf's underlying focus on events from the last century would turn into a brief one on his age discrimination claim, thereby eliminating complex issues for trial. And, as a practical matter, if appeal is not taken, this case will proceed to a lengthy trial focused on Rudolf's principal claim and the jury could be instructed erroneously, which could lead to the risk that the Third Circuit could vacate a verdict in Rudolf's favor and remand for a new trial, as in *Murray*, or dismiss the SOX claim.

## II.   This Court Should Certify Whether a Plaintiff's Certification of Having No Knowledge of Illegal Activity Precludes a *Prima Facie* Case of Protected Activity

To establish protected activity, a plaintiff must show that he had "*both a subjective and an objective belief* that the conduct that is the subject of the communication relates to an existing or

3

prospective violation of one of the federal laws referenced" in SOX. *Wiest*, 812 F.3d at 326 (emphasis added). This Court held that Rudolf raised a triable issue he engaged in protected activity by reporting that AIG allegedly engaged in six rigged "claim workout deals" involving "unlimited limits" in violation of generally accepted accounting principles, which Rudolf reasonably believed occurred when construing the facts in the light most favorable to him. (ECF 229 at 25-26.) But it is *undisputed* that (1) the subject policies were entered into prior to the year 2000 and Rudolf knew of their existence by the early 2000s; and (2) Rudolf certified to AIG *years later* in annual Code of Conduct certifications from 2012 until 2016 that he knew of no violation of law or regulation occurring at AIG. (*Id.* at 3.)

These certifications preclude a finding of subjective belief, and thus Issue No. 2 is a controlling issue of law. It appears that no district court in this Circuit has been faced with similar undisputed attestations. But other courts have held that they defeat any finding of subjective belief and thus plaintiff cannot show protected activity. *See Katzel v. Am. Int'l Grp.*, 2022 WL 17251362, at *3 (S.D.N.Y. Nov. 28, 2022); *Verfeurth v. Orion Energy Sys., Inc.*, 2016 WL 4507317, at *9 (E.D. Wis. Aug. 25, 2016); *aff'd*, 879 F.3d 789 (7th Cir. 2018); *see also Kantin v. Metro. Life Ins. Co.*, 696 F. App'x 527, 529 (2d Cir. 2017); *Gale v. U.S. Dep't of Labor*, 384 F. App'x 926, 927, 930 (11th Cir. 2010) (per curiam).[2] This makes sense: SOX was designed to encourage reporting fraudulent behavior to employers without fear of retribution. *Lawson v. FMR LLC*, 571 U.S. 429, 435 (2014). But where an employee certifies to the absence of knowledge of any fraudulent behavior, the employee should not be able to retroactively proffer a subjective belief that fraud has occurred to sustain a lawsuit. An employer, moreover, should be allowed to trust an employee's certification when conducing its business. If the Third Circuit found that the incontrovertible fact

---

[2] A fulsome discussion of these cases can be found at ECF 181 at 15 and ECF 217 at 6-7.

of Rudolf's repeated certifications *long after* his knowledge of the subject policies defeats a finding

of such belief, it would reverse this Court's decision and Rudolf's SOX claim would have to be

dismissed, thereby constituting a controlling issue of law. *See Hall*, 2010 WL 4925258, at *1.

Issue No. 2 also meets the requirement that there exists a substantial basis for a difference

of opinion. Unlike other Circuits, there is an absence of controlling law in this Circuit regarding

the presence of certifications of the type Rudolf executed, which is sufficient to show substantial

grounds for a difference of opinion. *See id.* at *2.

Lastly, if the Third Circuit rules that Rudolf's annual certifications made long after his

knowledge of the subject policies defeat a finding of protected activity, Rudolf's SOX claim would

necessarily be dismissed. Under these circumstances, where the question presented would have

the determinative effect of dismissing a claim, "considerations of economy and efficiency strongly

militate in favor of granting an interlocutory appeal." *Beazer East, Inc. v. The Mead Corp.*, 2006

WL 2927627, at *3 (W.D. Pa. Oct. 12, 2006).

## III.    A Stay of the District Court Proceedings Is Warranted

A stay of the present action is appropriate under the circumstances should the Court grant

certification. A stay may issue upon a showing of good cause, and "courts have routinely granted

a stay where they have certified an order for interlocutory appeal." *Navient Corp.*, 522 F.Supp.3d

at 120. Good cause exists where resolution of the legal question(s) could narrow or "eliminate

complex issues and make discovery easier and less costly for the parties." *United States ex rel.*

*Brown v. Pfizer, Inc.*, 2017 WL 2691927, at *5 (E.D. Pa. June 22, 2017). Here, the two claims left

in this case – SOX retaliation and age discrimination – are distinct. The way in which the parties

prepare for and conduct trial would be very different should the Third Circuit's ruling on either of

the questions presented dispose of Rudolf's SOX claim.

Dated:  April 4, 2023                                     Respectfully submitted,


                                                          */s/ Kevin B. Leblang*
                                                          Kevin B. Leblang (NY 1999507)
                                                          kleblang@kramerlevin.com
                                                          Izabel P. McDonald (NY 2515724)
                                                          imcdonald@kramerlevin.com
                                                          Rachael A. Schuman (NY 5651401)
                                                          rschuman@kramerlevin.com
                                                          (Each admitted *pro hac vice*)

                                                          KRAMER LEVIN NAFTALIS & FRANKEL LLP
                                                          1177 Avenue of the Americas
                                                          New York, NY 10036
                                                          Phone:  212-715-9100
                                                          Fax:  212-715-8000

                                                          Jaime S. Tuite (PA 87566)
                                                          jaime.tuite@bipc.com
                                                          Katelyn O'Connor (PA 308922)
                                                          katelyn.oconnor@bipc.com

                                                          BUCHANAN INGERSOLL & ROONEY PC
                                                          Union Trust Building
                                                          501 Grand Street, Suite 200
                                                          Pittsburgh, PA 15219-1410
                                                          Phone:  412-562-8800
                                                          Fax:  412-562-1041

                                                          *Attorneys for Defendants*