IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN RUDOLF, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 19-1468 |
| | ) Magistrate Judge Maureen P. Kelly |
| v. | ) |
| | ) |
| AMERICAN INTERNATIONAL GROUP, | ) Re: ECF No. 232 |
| INC., NATIONAL UNION FIRE | ) |
| INSURANCE COMPANY OF | ) |
| PITTSBURGH, PA, and ALEXANDER | ) |
| BAUGH, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

Plaintiff John Rudolf ("Rudolf") brings this action arising out of allegations that he was unlawfully terminated from his employment in violation of the Sarbanes-Oxley Act ("SOX"), the Age Discrimination in Employment Act ("ADEA") and the Pennsylvania Human Relations Act ("PHRA"). ECF No. 41. Presently before the Court is a Motion for Certification of Interlocutory Appeal and Stay Pending Appeal ("Motion for Interlocutory Appeal"). ECF No. 232. For the reasons below, the motion is denied.

### I. RELEVANT PROCEDURAL HISTORY

Rudolf began this action on November 11, 2019. ECF No. 1. After the Court denied Defendants' Motion to Transfer or, in the alternative, to Dismiss, Plaintiff filed the operative Amended Complaint, asserting fifteen separate claims against his alleged former employers and supervisor. ECF Nos. 36 and 41.

The parties then engaged in extensive fact discovery. After fact discovery closed, Defendants moved for summary judgment as to all claims. ECF No. 177. The Court granted in

part and denied in part the Motion for Summary Judgment. ECF No. 229. Based on this Order, the following claims remain for trial: (1) Whistleblower Retaliation under SOX (Count I); and (2) Age Discrimination under the ADEA and PHRA (Counts III and VII). Id.; ECF No. 230.

The parties are now conducting expert discovery. ECF No. 242. The Court has entered a Pretrial Order, and trial is scheduled to begin in January 2024. ECF No. 243.

On April 4, 2023, Defendants filed this Motion for Interlocutory Appeal and Brief in Support. ECF Nos. 232 and 233. Rudolf filed a Brief in Opposition. ECF No. 237. Defendants filed a Reply. ECF No. 240.

The Motion for Interlocutory Appeal is now ripe for consideration.

## II.   LEGAL STANDARD

The standard for allowing interlocutory appeals is as follows.

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

28 U.S.C. § 1292(b).

This decision is within the Court's discretion, and the "the burden is on the movant to demonstrate that a 1292(b) appeal is warranted." Orson, Inc v. Miramax Film Corp., 867 F. Supp. 319, 320 (E.D. Pa. 1994) (citation omitted). The moving party must "demonstrate that 'exceptional circumstances justify a departure from the basic policy against piecemeal litigation and of postponing appellate review until after the entry of final judgment.'" Douris v. Schweiker, 229 F. Supp. 2d 391, 407-08 (E.D. Pa. 2002) (quoting Rottmund v. Cont'l Assurance Co., 813 F. Supp. 1104, 1112 (E.D. Pa. 1992)).

Thus, the issues to be determined as to Defendants' pending motion are: (1) whether the order involves a controlling question of law; (2) as to which there is a substantial ground for difference of opinion; and (3) whether an immediate appeal from the order may materially advance the ultimate termination of the litigation. Katz v. Carte Blanche Corp., 496 F.2d 747, 754 (3d Cir. 1973). Defendants must establish that all three of these factors are met. Id. Even if all three factors are satisfied, however, the Court still may deny certification in its discretion. L.R. v. Manheim Tp. Sch. Dist., 540 F. Supp. 2d 603, 608 (E.D. Pa. 2008).

### III.  DISCUSSION

Defendants move to certify these two issues for interlocutory appeal.

1. Under 18 U.S.C. § 1514A(a), which provides that no employer "may . . . *discriminate* against an employee . . . *because of*" whistleblowing, must a plaintiff show retaliatory intent on the part of his employer, as opposed to showing merely that the plaintiff's purported protected activity alone or in combination with other factors tended to affect the employer's decision-making? (emphasis added).

2. Under 18 U.S.C. § 1514A(a), can a plaintiff meet his *prima facie* burden of showing protected activity when he certified that he knew of no violation of law or regulation by the employer *after* he had become aware of the alleged illegal activities.

**A.  Issue No. 1**

Issue No. 1 relates to the fourth prong, the causation element, of Rudolf's *prima facie* SOX claim. In denying Defendants' Motion for Summary Judgment as to Rudolf's SOX claim, the Court held in relevant part:

> As for the fourth prong, the causation element of a *prima facie* case requires allegations that "'[t]he circumstances were sufficient to raise the inference that the protected activity was a contributing factor in the adverse action.'" Wiest I, 710 F.3d at 129 (citing 29 C.F.R. § 1980.104(e)(2)(iv)). Further, the Third Circuit has held that:
>
>> a contributing factor [is] any factor, which alone or in combination with other factors, tends to affect in any way the outcome of the decision. A plaintiff need not provide direct evidence to satisfy this element; rather, circumstantial evidence may be sufficient. To that end, temporal proximity

3

> between the protected activity and the adverse action is a significant factor in considering a circumstantial showing of causation.

Wiest II, 812 F.3d at 330 (internal citations and quotation marks omitted).

In support of the Motion for Summary Judgment, Defendants argue that Rudolf cannot establish causation because Baugh believed that Rudolf resigned, and he had legitimate reasons for accepting Rudolf's resignation that were unrelated to any vague reports of wrongdoing. ECF No. 185 at 33-34.

In response, Rudolf argues the close timing of his protected activity and his alleged termination support an inference of causation. Before this, he argues, he was a highly regarded and well-liked senior insurance executive who had been with AIG for 23 years. Rudolf also argues that he never resigned—a fact that he repeatedly denied. ECF No. 207 at 36-38.

Upon review, the circumstances are enough to raise an inference that Rudolf's protected activity was a contributing factor in his termination. Rudolf claims, among other things, that he notified Baugh of alleged misconduct, and that he was terminated within just a few days after his reports and the GIG investigation. The close temporal proximity between Rudolf's protected conduct and the alleged termination is noted. While Defendants argue that Baugh understood Rudolf to have resigned, this is a disputed question of fact. Rudolf claims that he never resigned, and he repeatedly disputed that he resigned to Baugh and others in the days before his alleged termination. Thus, Rudolf also proffers sufficient evidence to establish the fourth prong of a *prima facie* claim.

ECF No. 229 at 28.

In support of the instant motion, Defendants argue that the Court erred by not applying the standard recently adopted by the United States Court of Appeals for the Second Circuit in Murray v. UBS Sec., LLC., 43 F.4th 254 (2d Cir. 2022). In particular, the Second Circuit held that for a protected activity to be a "contributing factor" to an adverse outcome, it is not enough for a whistle-blower-plaintiff to point to any factor that "tends to affect in any way the outcome of the decision"; rather, the whistleblower-plaintiff must show that the employer took the adverse action with "retaliatory intent—*i.e.*, an intent to 'discriminate against an employee . . . because of' lawful whistleblowing activity." Id. at 259-60. On May 1, 2023, the United States Supreme Court granted

a petition for writ of certiorari in Murray. Murray v USB Sec., LLC, No. 22-660, 2023 WL 3158354 (U.S. May 1, 2023).

Defendants originally raised this issue in a footnote to their fifty-page brief in opposition to Rudolf's Motion for Summary Judgment. Without substantively briefing the issue for the Court, Defendants noted the Second Circuit's recent decision in Murray and asserted that the Court should adopt the "retaliatory intent" standard. Defendants continued that "[t]he Court, however, need not decide this specific issue" because summary judgment would be appropriate regardless of which standard applied. ECF No. 181 at 33-34 n. 11.

Now, Defendants ask the Court to certify the question of whether the "retaliatory intent" standard should apply for interlocutory appeal. Given that "arguments raised in passing (such as, in a footnote), but not squarely argued, are considered [forfeited]," it is not clear that Issue No. 1 would properly be considered on appeal—interlocutory or otherwise. Higgins v. Bayada Home Health Care, Inc, 62 F.4th 755, 763 (3d Cir. 2023) (quoting John Wyeth & Bro. Ltd. v. CIGNA Int'l Corp., 119 F.3d 1070, 1076 n. 6 (3d Cir. 1997)).

Nevertheless, certification for interlocutory appeal is not warranted under the Rule 1292(b) factors. Even if Defendants can satisfy the first two elements, certification of Issue No. 1 for interlocutory appeal would not materially advance the litigation at this late stage. "In determining whether certification will materially advance the ultimate termination of the litigation, a district court is to examine whether an immediate appeal would (1) eliminate the need for trial, (2) eliminate complex issues so as to simplify the trial, or (3) eliminate issues to make discovery easier and less costly." Orson, Inc. v. Miramax Film Corp., 867 F. Supp. 319, 322 (E.D. Pa. 1994).

"Certification is more likely to materially advance the litigation where the appeal occurs early in the litigation, before extensive discovery has taken place and a trial date has been set."

Katz v. Live Nation, Inc., No. 09-3740, 2010 WL 3522792, at *3 (D.N.J. Sept. 2, 2010) (citing Kapossy v. McGraw-Hill, Inc., 942 F. Supp. 996, 1004 (D.N.J. 1996)). By contrast, "[w]here discovery is complete and the case is ready for trial an interlocutory appeal can hardly advance the ultimate termination of the litigation." Rottmund, 813 F. Supp. at 1112 (citation omitted).

This action has been pending for over three years, and it is not in the early stages. To the contrary, the parties have completed extensive fact discovery. Dispositive motions have been decided, and this case is now scheduled for trial as to Rudolf's sole remaining SOX and age discrimination claims.

Regardless of the outcome of Defendants' proposed appeal, it will not eliminate any complex issues or the need for a trial on any of Rudolf's remaining claims. Defendants do not challenge the Court's Order denying summary judgment as to Rudolf's age discrimination claims. As for Rudolf's SOX claim, Defendants do not show that the Third Circuit would reverse this Court's holding, even if it adopted the Murray standard. In particular, Defendants have argued that Rudolf cannot show retaliatory intent because Baugh understood Rudolf to have resigned. As the Court explained in its opinion at summary judgment, however, this is a question of fact for the jury. Rudolf submitted ample evidence from which a jury could disbelieve Baugh's purported understanding—including the fact that Rudolf repeatedly informed Baugh that he did not resign. Regardless of which standard applies, then, it does not proffer a basis for granting summary judgment in Defendants' favor. Because interlocutory appeal would not materially advance this litigation, this factor does not support certifying this issue for appeal.

Accordingly, Defendants have not established that all of requisite statutory requirements are met. Nor have Defendants identified any special circumstances that would warrant the exercise of this Court's discretion in making an exception to the general rule against piecemeal litigation.

On the contrary, considering the pending appeal in Murray, the fact that the United States Supreme Court is likely to provide definitive guidance on this issue in the near future counsels against certifying this issue to the Third Circuit for an interim decision. For these reasons, the Court declines to certify Issue No. 1 for interlocutory appeal.

### B. Issue No. 2

Turning to Issue No. 2, Defendants ask the Court to certify for interlocutory appeal the question of whether a plaintiff's certification that he had no knowledge of illegal activity precludes a *prima facie* case of protected activity under SOX.

As a threshold matter, Issue No. 2 does not accurately reflect the specific issue this Court considered at summary judgment. Based on the record, Rudolf certified that he had no violations "to report"—not that he had no "knowledge" of any illegal activity. ECF No. 292 at 23. That distinction is relevant, because Rudolf claims he was not required to report the conduct at issue based on his prior reporting. Because Issue No. 2 was not before this Court in the first place, it is not properly certified for interlocutory appeal.

In any event, Issue No. 2 does not satisfy the required statutory elements for interlocutory appeal. As a mixed question of law and fact, this is not a controlling question of law. Glover v. Udren, No. 08-990, 2011 WL 3290238, at *2 (W.D. Pa. June 30, 2011) (quoting Krishanthi v. Rajaratnam, Civ. Action No. 09-cv-05395, 2011 WL 1885707, at *3 (D.N.J. May 18, 2011)) ("'Certification to appeal [an] interlocutory Order is inappropriate when the underlying order involve[s] mixed questions of law and fact because Section 1292(b) was not designed to secure appellate review of factual matters or of the application of the acknowledged law to the facts of a particular case, matters which are within the sound discretion of the trial court.'").

There is also no substantial basis for a difference of opinion. There is no dispute over the applicable legal standard for a whistleblower's subjective belief. While Defendants disagree with the Court's application of that law to the facts of this case, "[a] party's strong disagreement with the Court's ruling does not constitute a 'substantial ground for difference of opinion[,]' . . . [n]or does a dispute over the application of settled law to a particular set of facts." Karlo v. Pittsburgh Glass Works, No. 2:10-cv-1283, 2014 WL 12539666, at *1 (W.D. Pa. July 3, 2014).

Finally, interlocutory appeal of this issue will not meaningfully advance this litigation. As discussed, this case has already substantially progressed and is now set for trial. Accordingly, the Court declines to certify Issue No. 2 for interlocutory appeal.

### C. Stay of Proceedings

Defendants have also requested that the Court stay this action while the interlocutory appeal is decided. ECF No. 233 at 9. For the reasons discussed, Defendants have not shown that any issue in this case should be certified to the Court of Appeals for interlocutory appeal. Therefore, there is no basis for the Court to stay the proceedings, and this request will also be denied.

### IV. CONCLUSION

For these reasons, Defendants' Motion for Interlocutory Appeal is denied. An appropriate Order follows.

AND NOW, this _16th_ day of June, 2023, IT IS HEREBY ORDERED that Defendants' Motion for Certification of Interlocutory Appeal and Stay Pending Appeal, ECF No. 232, is DENIED.

IT IS FURTHER ORDERED that, pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, if any party wishes to appeal from this Order he or she must do so within

thirty (30) days by filing a notice of appeal as provided in Rule 3, Fed. R. App. P., with the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219.

BY THE COURT:

_____
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE